The opinion of the court was delivered by
Fenner, J.
The State appeals from a judgment quashing the indictment on the ground that the clerk of court, who acted as jury commissioner in the drawing of the venire from which the grand jury finding the bill was chosen, had not taken the oath as such commis *943 sioner as required by law. It is fully proved that he had not taken the oath, and it is well settled that such omission, if seasonably urged, invalidates the venire and vitiates indictments returned by a grand jury drawn therefrom. State vs. Strickland, 41 An. 513; State vs. Oonway, 35 An. 350; State vs. Bradley, 32 An. 402.
We find no merit in the State’s contention that the motion to quash was made too late. The indictment was found at the February term of the court, and no other proceedings were had at that term except the arrest of the defendants and their discharge on bond to appear at the following September term. On the first day of the September term the motion to quash was filed, and the evidence shows that the defect was only discovered at that time.
In Strickland’s case (41 An. 513) we sustained the seasonableness of such a motion to quash, though not made until after arraignment and plea, on proof that the defect, which was not apparent on the face of the record, was not known to defendant or his counsel until after plea, and was urged as soon as discovered.
This decision fully covers and sustains the ruling of the judge a quo.
Judgment affirmed.